**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N16L-04-103 ALR |
| KATHLEEN C. KEATH, | ) ) | |
| Defendant. | ) | |

Submitted: July 18, 2017
Decided: September 20, 2017

## ORDER

### *Upon Plaintiff's Motion for Summary Judgment*
**GRANTED**

This is a mortgage foreclosure case. Upon consideration of the Motion for Summary Judgment filed by Plaintiff U.S. Bank National Association ("Plaintiff"); the Superior Court Civil Rules; the facts, arguments, and authorities set forth by Plaintiff; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On February 6, 2006, Defendant Kathleen Keath ("Defendant") executed a mortgage ("Mortgage") on property located at 708 Staghorn Drive, New Castle, Delaware 19720 ("Property") to Mercantile Mortgage, LLC ("Mercantile"). The Mortgage defines Defendant as the "Borrower" and

Mercantile as the "Lender."[1] The Mortgage defines "Note" as "the promissory note signed by Borrower and dated February 06, 2006. The Note states that Borrower owes Lender TWO HUNDRED TWENTY THOUSAND AND 00/100 [$220,000.00]."[2]

2. Mercantile subsequently assigned its entire interest in the Mortgage to Wells Fargo, which in-turn assigned its interest to Mortgage Electronic Registration Systems, which in-turn assigned its interest to Plaintiff.

3. Defendant has failed to make payments on the Mortgage since approximately August 1, 2013.

4. Plaintiff filed an *Scire Facias Sur* mortgage foreclosure complaint on April 25, 2016. A Final Mediation Record was filed on October 20, 2016 indicating that the parties agreed to forgo mediation and proceed with the foreclosure action. The Defendant then answered the complaint on October 25, 2016.

5. A *scire facias sur* mortgage action "is an *in rem* proceeding used to foreclose on a mortgage."[3] Delaware law only recognizes three possible defenses

---

[1] Plaintiff's Comp., Apr. 25, 2016, Ex. A., p. 1.
[2] *Id.* at 2.
[3] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).

to a *scire facias sur* mortgage action: payment, satisfaction, and plea in avoidance.[4] Defendant did not plead any of these defenses in her answer.

6.    Plaintiff filed its motion for summary judgment on March 7, 2017. The Court sent a letter to Defendant on March 8, 2017, advising that Defendant's response to the motion for summary judgment should be filed by April 10, 2017 or the motion would be considered unopposed. The Court sent another letter to Defendant on April 28, 2017 stating that no response had been received and the motion would be considered by the Court as unopposed. Defendant has not responded to these communications or submitted any opposition Plaintiff's motion for summary judgment.

7.    In the meantime, on April 17, 2017, the Delaware Supreme Court issued its opinion in *Shrewsbury v. The Bank of New York Mellon*.[5] In *Shrewsbury*, the Supreme Court held that a mortgage holder "must be a party entitled to enforce the obligation … which the mortgage secures in order to foreclose on the mortgage."[6] By letter dated June 12, 2017, the Court requested supplemental submissions from Plaintiff and also advised Defendant that a response to any supplemental submission was due by July 14, 2017. In order to comply with *Shrewsbury*, Plaintiff filed a supplemental exhibit indicating that Plaintiff received

---

[4] *Id.*
[5] 160 A.3d 471 (Del. 2017).
[6] *Id.* at 477.

an endorsement from Mercantile on the Note underlying the Mortgage. Defendant did not respond.

7. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[8] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[9]

8. Plaintiff is entitled to summary judgment. Defendant does not dispute that she is in default of the Mortgage and did not plead any cognizable defenses. Plaintiff is the valid assignee of the Mortgage and is entitled to enforce the underlying Note.

**NOW, THEREFORE, this 20th day of September 2017, Plaintiff's Motion for Summary Judgment is hereby GRANTED and JUDGMENT is entered in favor of Plaintiff U.S. Bank National Association and against Defendant.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

---

[7] Super. Ct. Civ. R. 56.
[8] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).